## DAVE DOWNS v. STATE.

No. A-6784. Opinion Filed September 14, 1929.
(280 Pac. 856.)

C. C. Wells and S. A. Fowler, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Harmon county on a charge of selling intoxicating liquor, and was sentenced to serve a term of 30 days in the county jail and to pay a fine of $50.

Defendant was jointly charged with one Elmer Stewart with selling six pint bottles of intoxicating liquor, home brew, a liquor containing more than one-half

of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage.

The record discloses that the sheriff had in his custody Hugh Gates and Russell Williams, two negroes, one of them having been convicted of violating the liquor law and the other of stealing chickens. He suspected the illicit sale of intoxicating liquor in the neighborhood of the Carl store, and with a deputy sheriff took these negroes there to assist him in locating the place of sale. Williams and Gates were furnished money by the sheriff to purchase liquor; they accosted defendant who is a negro, and sought to buy beer from him. Defendant informed them that he did not have any, and after some further conversation drove away and attempted to find some, but was unable to do so, but informed them there was a place over west where they might get some. The two then got in the car with Downs and went to the place of the co-defendant Stewart, and there bought some beer and paid him for it. They bought six bottles, drank part of it, and started back to Carl, and were met by the sheriff. Gates, a witness for the state, testified as follows:

"Q. Did Mr. Downs ever tell you that he had any beer, or any interest in any? A. No, sir.

"Q. Did he take any interest in the purchase of this beer? A. Not for a while he didn't. * * *

"Q. What did you say to Stewart? A. He came to the car, and we asked if he had some beer, and he said, 'Yes,' but it wasn't his. * * *

"Q. You and Russell bought two bottles of beer and paid for it and drank it? A. Yes. * * *

"Q. Did the beer remain there with you and Williams until you got back to Hollis, and five bottles were there on the back seat together between you and Williams? A. Yes, sir.

"Q. Don't you know it was a fact that Downs did not put any beer there A. He did not.

"Q. All he did was to go over there with you and Russell? A. Yes.

"Q. He told you he didn't know where there was any beer? A. Yes. * * *

"Q. You had three bottles on the back seat with you, and Mr. Downs had the one he drank out of. Who paid for the one Downs drank? A. He did."

At the time the sheriff stopped the car in which defendant, Williams, and Gates were riding, defendant contended that he had nothing to do with the sale of any beer, but merely went with the other negroes to buy some. The codefendant Stewart pleaded guilty, and testified in substance that he sold the beer to Williams and Gates, that defendant had no interest or connection with it, nor with the sale, except that he came there with Williams and Gates. The defendant here is prosecuted on the charge of selling. It appears to us that the evidence clearly is that defendant, with two other negroes, went to the place of Stewart and bought from him the beer in question; that Williams and Gates paid for what they purchased and defendant paid for the bottle he drank. The evidence does not disclose that defendant made any sale, and it is insufficient to sustain the charge.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.